UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

TAYLOR ZIEGLER,

    Plaintiff,

vs.

SUN LIFE ASSURANCE COMPANY OF CANADA,

    Defendant.

Case No. 4:22 CV 1115

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for the cause of action, states to the Court as follows:

1. Plaintiff, Taylor Ziegler, brings this action against Defendant, SunLife Financial, pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, for appropriate relief under ERISA Sections 409 and 502(a)(5), to recover benefits due under the plan; and to obtain other appropriate relief as the court may deem just.

2. Plaintiff alleges that she was eligible for long term disability benefits under her Plan with Defendant, that she exhausted all administrative remedies available to her and was thereafter wrongfully denied long term disability benefits by the Defendant, and in doing so, Defendant violated Section 502(a)(1)(B) of ERISA.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon this Court by ERISA 502(e)(1), 29 U.S.C. 1132(e)(1), which generally vests the United States district courts with exclusive jurisdiction over all actions brought under ERISA Title I. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 52 (1987)

4.     Venue of this action lies in the United States District Court for the Eastern District of Missouri, pursuant to ERISA Section 502(e)(2), 29 U.S.C. 1132(e)(2), where the breach occurred.

## THE PARTIES

5.     At all times material herein, Plaintiff was/is a resident of the state of Missouri and worked in the state of Missouri.

6.     At all times material herein, Plaintiff was a participant under the plan through her employment by Retina Consultants, LTD.

7.     The plan is an employee welfare benefits plan specifically covered under ERISA, 29 U.S.C. 1002(2)(A), and an employee benefit plan as defined by 29 U.S.C. 1002(3), under which plaintiff is a participant, as defined by 29 U.S.C. 1002(7)

8.     At all times material herein, SunLife Financial (hereinafter referred to as "Insurance Company") was the sponsor of the plan, within the meaning of ERISA, 29 U.S.C. 1002(16)(B)

9.     At all times material herein, SunLife Financial was the claims administrator of the plan, making and/or participating in making all benefit decisions under the Plan.

## STATEMENT OF FACTS

10.    June 11, 2019, Plaintiff was no longer able to perform her duties as an ophthalmic technician due to severe symptoms of lupus, Sjogren Syndrome, and inflammatory polyarthropathy.

11.    September 8, 2019, through September 17, 2019, plaintiff was approved for and paid long

term disability benefits by the Defendant.

12.    October 31, 2019. Defendant issued a decision concluding there was insufficient

medical information to supports the level of impairment that would preclude her from performing her occupation as an ophthalmic technician, which is defined as a "light" occupation by the Dictionary of Occupational Titles and according toe the Selected Characteristics of Occupations requires occasional reaching and feeling, occasional far acuity and color vision. The individual must also be able to frequently handle, finger, talk, hear, and use accommodation of vision.

13. April 29, 2020, Plaintiff, through counsel, appealed the October 31, 2019, denial with additional medical records including an opinion from Plaintiffs treating rheumatologist, Dr. DiValerio outlining plaintiff's limitations resulting from her various conditions.

14. April 29, 2020, Dr. DiValerio's opinion outlined limitations resulting from her diagnosed lupus, Raynaud's phenomenon, and Sjogren's Syndrome including sitting for less than 2 hours in an 8-hour day; stand or walk less than 2 hours total in an 8-hour workday; be allowed to shift positions at will from sitting, to standing, to walking; could not lift any weight competitively; the use of her hands to grasp, turn, or twist objects was severely limited and her ability to perform fine manipulation and to reach were limited to occasionally; plaintiff would likely be absent more than 4 days a month and would require extra unscheduled breaks every 30 minutes for 20 minutes due to pain.

15. February 3, 2021, Defendant forwarded additional new evidence to Plaintiff consisting of a review of records and opinion by Dr. Neal Greenstein, rheumatologist. Dr. Greenstein concluded that plaintiff did not have a proper diagnosis of systemic lupus and therefore id not have any restrictions or limitations. Dr. Greenstein opined that exam findings were non-descriptive comments about mild neck tenderness and decreased hand grip. Ultimately, Dr.

Greenstein opined plaintiff's chronic pain represented fibromyalgia, which in his opinion can create tolerance to perform certain activities but does not preclude them.

16. February 18, 2021, Plaintiff, through counsel, responded to Dr. Greenstein's report arguing that the doctor was responding to Dr. DiValerio's opinion instead of providing an opinion based upon what the medical records show, leading to disagreements between doctors but no actual opinion of how plaintiff's symptom, regardless of diagnosis, affect her tolerance to perform the activities that are require in her own occupation, which was unreasonable and an abuse of discretion by the defendant to not address this inconsistency.

17. March 25, 2021, Defendant issued a final decision denying plaintiff's claim for long term disability benefits concluding that review of all of the information that was provided does not support any change in the determination that was reached on plaintiff's claim for continued benefits.

18. Plaintiff has exhausted all administrative remedies required prior to the filing of this complaint under ERISA.

19. 29 U.S.C. 1132(a)(1)(B) authorizes plaintiff to recover benefits due under the terms of the Plan, to enforce plaintiff's rights under the terms of the Plan, and/or to clarify plaintiff's right to future benefits under the terms of the Plan.

20. By denying plaintiff payment of disability benefits, the Defendant has violated and continues to violate ERISA, 29 U.S.C. 1132(a)(1)(B).

**WHEREFORE**, Plaintiff prays that she have and recover judgment in Plaintiff's favor and against Defendant as follows:

1. For monthly disability benefits from September 18, 2019, through the resolution of this claim;

2. For benefit reinstatement;

3. For prejudgment and post judgement interest;

4. For an award of attorney fees and costs under 29 U.S.C. 1132(g)(1) and the facts and circumstances of this case; and

5. For such other relief as the court deems just and proper.

                          Respectfully submitted,

*Kristen N. Van Fossan*
/s/ KRISTEN N. VAN FOSSAN, 63608 MO
Attorney for Plaintiff
211 N. Broadway, Ste. 2400
St. Louis, MO 63102
(314) 241-9666 telephone/(314) 241-1125 facsimile
Email: kristenv@dwfox.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on the US Attorney.

/s/ *Kristen N. Van Fossan*
KRISTEN N. VAN FOSSAN, 63608 MO